**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-4594

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

KEJUAN TIZOM SHABAZZ SMITH, a/k/a Bobby,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, Chief District Judge.  (7:16-cr-00120-D-1)

Submitted:  September 27, 2018　　　　　　　　　　　Decided:  October 2, 2018

Before MOTZ, AGEE, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Deborrah L. Newton, NEWTON LAW, Raleigh, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kejuan Tizom Shabazz Smith appeals his convictions and 327-month sentence after pleading guilty to conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846 (2012); three counts of distribution of heroin, in violation of 21 U.S.C. § 841(a)(1); possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012); and possession of a stolen firearm, in violation of 18 U.S.C. § 922(j) (2012). Smith's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court erred by (1) sentencing Smith as a career offender, (2) finding that Smith had a prior conviction for a felony drug offense under 21 U.S.C. § 802(44) (2012), and (3) inadequately explaining Smith's sentence. The *Anders* brief also suggests that Smith may have received ineffective assistance of counsel in the district court. Smith has been notified of his right to file a pro se brief, but he has not filed one. We affirm.

We review Smith's sentence for both procedural and substantive reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the [Sentencing] Guidelines range, . . . failing to consider the § 3553(a) factors, . . . or failing to adequately explain the chosen sentence." *Id.* at 51; *see* 18 U.S.C. § 3553(a) (2012). If there is no significant procedural error, we then consider the sentence's substantive reasonableness under "the totality of the circumstances, including the extent of any variance from the Guidelines

2

range." *Gall*, 552 U.S. at 51. We presume that a sentence within a properly calculated Guidelines range is substantively reasonable, and a defendant can rebut this presumption only "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Having carefully reviewed the record, we conclude that the district court committed no error in determining Smith's sentence. Counsel's claim concerning Smith's career-offender status, which relies on an argument that North Carolina common-law robbery is not a crime of violence, is foreclosed by our recent decision in *United States v. Gattis*, 877 F.3d 150, 156-60 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 1572 (2018). The district court also correctly determined that Smith had a prior conviction for a felony drug offense, properly calculated the advisory Sentencing Guidelines range, and sufficiently explained its reasons for imposing the sentence Smith received. Further, Smith has not made the showing necessary to rebut the presumption of reasonableness that we afford his within-Guidelines sentence. Accordingly, Smith's sentence is both procedurally and substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case, including the transcript of Smith's Fed. R. Crim. P. 11 hearing, and have found no meritorious grounds for appeal.[*] We therefore affirm the district court's judgment. This court requires that counsel inform Smith, in writing, of the right to petition the Supreme

---

[*] Because ineffective assistance of counsel does not conclusively appear on the record before us, we decline to consider this claim on direct appeal. *See United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

3

Court of the United States for further review. If Smith requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Smith.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*