UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA

Kejuan Tizom Shabazz Smith
petitioner

v.

United States of America
respondent

FILED
AUG 0 4 2020
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

Case no.
7:16-CR-120-1-D

## Motion For Equitable Tolling

Now comes petitioner Smith, a pro se' prisoner who requests this court grant equitable tolling in the filing of petitioner's § 2255 motion, in making this request petitioner avers the following;

In HOLLAND V. FLORIDA, 560 U.S. 631, 649 (2010) the Supreme Court held equitable tolling only applies if the petitioner shows "(1) that he has been pursuing his rights diligently", and "(2) that some extraordinary circumstance stood in his way and prevented timely filing".

1

Petitioner Smith's direct appeal was affirmed by the Court of Appeals for the Fourth Circuit on October 2, 2018, no petition for certiorari was filed. That would set the one (1) year statute of limitations on the filing of a § 2255 motion at October 2, 2019.

In <u>BOUNDS V SMITH</u>, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498 (1977) the Supreme Court held that a pro se' prisoner's access to law library or legal aid, must be <u>adequate</u>, <u>effective</u>, and <u>Meaningful</u>.

Petitioner has had no adequate, effective or Meaningful, access to law library or legal aid in the past twelve (12) months.

On August 16, 2019, two months before the deadline for filing a § 2255 motion, and in the middle of a six month lockdown, during which petitioner had no access to law library or legal aid, petitioner Smith, an uneducated pro se' prisoner sent a letter to the United States Court Of Appeals for The Fourth Circuit seeking

2

an extension on the time to file a § 2255 motion. (see Attached letter from the court marked exhibit "A") The court informed petitioner that he had no case pending, therefore no action was taken. Petitioner claims this attempt at a filing extension should be construed liberally, as the § 2255 motion it supports. see HAINES V. KERNER 404 U.S. 514 (1972) also this correspondence to the court of appeals by an uneducated pro se' prisoner, in the middle of a six (6) month lockdown, with no access to law library or even the most common legal advice should be considered "due diligence". HOLLAND V. FLORIDA, 560 U.S. 631, 649 (2010)

Petitioner Smith also claims he has been on lockdown for twelve (12) months, and counting, without access to law library or legal aid. (see Memorandums attached exhibits "B" and "C") In December of 2019 petitioner was transferred to U.S.P. Hazelton, from U.S.P. Coleman. U.S.P. Coleman was just getting over a six (6) month lockdown when petitioner transferred only to find out upon arrival that U.S.P. Hazelton was on lockdown. Currently all B.O.P. facilities are on

3

lockdown or "modified" lockdown due to the coronavirus pandemic. It is petitioner Smith's claim that these lockdowns constitute "extraordinary circumstances" that "stood in his way and prevented timely filing".

Petitioner Smith has had no meaningful opportunity to confer with any prison legal aid, access to law library or any other meaningful way in which to conduct legal research to facilitate an collateral attack, such as petitioner's §2255 motion this current motion is in support of. Petitioner uneducated in law attempted to get an extension on which to file a §2255 motion showing "due diligence" (see exhibit "A")

Equitable tolling only applies if the petitioner shows "(1) that he has been pursuing his rights diligently", and "(2) that some extraordinary circumstances stood in his way and prevented timely filing". HOLLAND V FLORIDA 560 U.S. 631, 649 (2010)

The constitutional right of access to the courts protects the ability of inmates to prepare petitions, such as federal habeas corpus petitions. The Supreme Court held in BOUNDS V. SMITH

4

430 U.S. 817, 828, 97 S.Ct. 1491, 1498 (1977) that the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preperation, and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law. BOUNDS, 430 U.S. at 828, 97 S.Ct. at 1498 The Supreme Court reasoned that without access to adequate law libraries or adequate assistance from persons trained in the law, inmates would be unable to take full advantage of their constitutional right of access to the courts.

Petitioner Smith claims a failure to grant his motion for equitable tolling would amount to his being denied his constitutional rights to access to the courts. He has shown "due diligence", and that these lockdowns without any _adequate_, _effective_, or _meaningful_ access to law library or legal aid amounts to "extraordinary circumstances that stood in his way, and prevented timely filing."

5

## Relief

Wherefore petitioner prays for the following relief;

1) Extend the deadline for filing petitioner's § 2255 motion filed NUNC Pro Tunc

2) Accept petitioner's § 2255 motion as timely filed

3) Any other relief this court deems worthy.

by;
Kejuan Smith
*Kejuan Smith*