United States District Court
Eastern District of North Carolina

FILED
JAN 1 3 2021
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ JAB _____ DEP CLK

United States
v.
Kejuan Smith

Judge: James C. Dever III

Case No: 7:16-cr-120-D-1

## Supplement of law, Pursuant to 18 U.S.C. 2255
On-point law in support to vacate Defendant's Career Offender

## On-Point Law

Supreme court held that a "jumble of words in a federal law could not be used to fix a defendants' sentence". This is a rule that as of now applies "RETROACTIVELY". Accordingly since the Supreme courts decision of Johnson v. United States, 576 U.S. 591, 597 another ruling has taken place see, United States v. Alston (No. 19-3804)(6th cir. Sept 28, 2020). This ruling confirms the "ways" to properly convict and or enhance one's case due to its Career Offender category. It also shows how under drug offenses like the defendant here "Kejuan Smith" that "Offers" or "Attempts" to complete any criminal drug offense under the same offense as this defendant, can not fit the Career Offender "4B1.1" "4B1.2" or its underlying crime. This means that Smith's Career Offender status no longer qualifies since the cited cases shown, Johnson v. United States, 576 U.S. 591, 597 AND United States v. Alston (No. 19-3804) (6th cir. Sept 28, 2020).

On another matter since Fourth Circuit favorable ruling under United States v. Whitley, No. 17-4360 (4th cir. June 12, 2018), the Fourth Circuit found that "because Section 846 does not require an overt act, it criminalizes a broader range of conduct than that covered by generic conspiracy." McCollum, 885 F.3d at 359. Accordingly, Whitley's prior Section 846

(1)

conspiracy convictions cannot support his enhanced sentencing as a Career Offender because they are not categorically controlled substance offenses. Further, after review of the record, it's clear that Whitley has no other prior conviction that qualify as a career offender predicates. The district court thus reversibly erred in sentencing Whitley as a career offender." To be exact, an offense charging a conspiracy without an overt act cannot be used as a predicate to enhance a sentence as a career offender. The conspiracy without an overt act can be used as a predicate to enhance a sentence under 21:851, and, a conspiracy without an overt act can be used as a predicate to enhance a sentence under Acca if the conspiracy carries at least a ten-year sentence.

Based on Smith's record his Section 846 offence does not fit the elements for Career Offender, because conspiracy under 21:846 is not a controlled Substance Offense." The point of the categorical inquiry is not to determine whether the defendant conduct support a conviction for a predicate offense, but to determine whether the defendant was in fact convicted of a crime that qualifies as a predicate offense." When evaluating a defendants prior conviction for an inchoate offense listed in the commentary to 4B1.2 two sets of elements are at issue: the elements of the inchoate crime and the elements of the underlying offense." The district court erred in applying the career offender to Smith and should be vacated based on this error. See, United States v. Powell, No. 5:17-cr-333 (N.D. Ohio) (where the defendant lost the weight of Career Offender after proving that 21 U.S.C. 846 does not qualify, because conspiracy - along with attempt - is only mentioned in the guidelines commentary) Also see, United States v. Orr, No. 18-6054, to be persuasive law for this Supplement.

United States v. Serrano (no.19-5186, 6th cir. Feb. 12, 2020) After pleading guilty to controlled substance convictions. He argued on appeal that the district court improperly applied the enhancement as a career offender. Serrano claims his prior Texas conviction for possession of a controlled substance with intent to deliver is outside that section's definition of "Controlled Substance Offense". If the district

(2)

Court had not classified his Texas conviction as a predicate offense under 4B1.2, Serrano's offense level would have been nine levels lower and his guidlines range would have been less than half of the range the court used to sentence him. Serrano argued that inclusion of "Offers" to sell controlled substances makes 481.112 "Too broad to categorically qualify" as a controlled Substance offense because 4B1.2 does not include that conduct. "the question of whether a particular state court offense is a predicate offense is primarily one of state law." In United States v. Tanksley, 848 F.3d 347, 352 (5th cir. 2017), It was then held that delivery of a controlled substance under 481.112 includes conduct beyond what the Federal Sentencing Guidlines definition of "drug trafficking offense" includes Id at 351.

"No substantive difference between 'a controlled substance offense' and a 'drug trafficking offense' under the guidelines. The Tanksley court held that the indivisible 481.112 is too broad to categorically qualify as a 'controlled substance offense'. Id at 351-52. Based on the above the court agreed and resentenced Serrano's case. See these cases as more Persuasive law in favorable to "Smith". United States v. Hamm & Shields, No. 17-6383/18-5121, 6th cir. March 6, 2020, See, United States v. Rabb, No. 18-1678, 1st cir Oct 30, 2019.

To sum it to a end, See. Shea v. United States, No. 17-1899, 1st cir Sept 28, 2020. Years ago, Judges used the same wording in another binding rule with "the force and effect of law", United States v. Booker, 543 U.S. 220, 234 (2005). 4B1.2 (a)(2) of the U.S. Sentencing Guidelines to fix defendant's sentences. That word play can be found in Johnson v. United States, 576 U.S. 591, 597 (2015). Above is another favorable matter that proves "Smith" Career Offender is no longer valid.

There for he ask that this case be Vacated in light of this Supplement.

(3)

## Conclusion

Due to the on-point law and "Retro" of "Johnson" Smith request his career offender be lifted & vacated.

## Certificate of service

I hereby certify on December 30, 2020 I served a copy to the addressed courts.

X <u>Kejuan Smith</u>
Kejuan Smith 62815-056
U.S. Penitentiary Hazelton
P.O. Box 2000
Bruceton Mills W.V. 26525

(4)