IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CR-120-D-1
No. 7:20-CV-143-D

| | | |
|---|---|---|
| KEJUAN TIZOM SHABAZZ SMITH, Petitioner, | ) | |
| v. | ) | **ORDER** |
| UNITED STATES OF AMERICA, Respondent. | ) | |

On August 4, 2020, Kejuan Tizom Shabazz Smith ("Smith" or "petitioner") moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct his 327-month sentence [D.E. 580] and moved for equitable tolling [D.E. 582]. Smith also filed multiple related motions, supplements, and documents in support [D.E. 581, 588, 592, 593, 611, 631]. On January 11, 2021, the government moved to dismiss Smith's section 2255 motion [D.E. 604] and filed a memorandum in support [D.E. 605]. On January 12, 2021, the court notified Smith of the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 606]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On February 3, 2021, Smith responded in opposition to the government's motion [D.E. 609]. As explained below, the court grants the government's motion to dismiss, dismisses Smith's section 2255 motion, and denies Smith's motion for equitable tolling.

I.

On April 4, 2017, without a plea agreement, Smith pleaded guilty to one count of conspiracy to distribute a quantity of heroin (count one), three counts of distribution of a quantity of heroin and aiding and abetting (counts three, five, and six), one count of possession of a firearm by a felon

(count twelve), and one count of possession of a stolen firearm (count thirteen). Smith's criminal conduct arose from his role as a "Five Star General in the Nine Trey Billy Badass" set of the United Blood Nation in Wilmington, North Carolina. PSR [D.E. 294] ¶ 15; see [D.E. 179]; Rule 11 Tr. [D.E. 398] 14–23.

On September 13, 2017, the court held Smith's sentencing hearing. See [D.E. 310]. After adopting the facts set forth in the Presentence Investigation Report ("PSR") and resolving Smith's objections, the court determined Smith's total offense level to be 34, his criminal history category to be VI, and his advisory guideline range to be 262 to 327 months' imprisonment. See Fed. R. Crim. P. 32(i)(3)(A)–(B); PSR; Sent. Tr. [D.E. 399] 4–19. After thoroughly considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Smith to 240 months' imprisonment on each controlled substance count to run concurrently, and 87 months' imprisonment on each firearm count to run consecutively to the controlled substance counts but concurrently to each other, for a total of 327 months' imprisonment. See Sent. Tr. at 19–32; [D.E. 311] 3. Smith appealed [D.E. 313]. On October 2, 2018, the United States Court of Appeals for the Fourth Circuit affirmed Smith's sentence. See United States v. Smith, 738 F. App'x 786, 787–88 (4th Cir. 2018) (per curiam) (unpublished); [D.E. 495, 496, 499, 501].

In Smith's section 2255 motion, Smith argues that (1) his conviction is invalid because of selective prosecution; (2) his guilty plea to possession of a firearm by a felon was not knowing and voluntary under Rehaif v. United States, 131 S. Ct. 2191 (2019); (3) he received ineffective assistance of trial counsel because trial counsel "browbeat" him into pleading guilty, failed to advise him of an element of his felon in possession of a firearm charge, and failed to object to the use of his North Carolina felony sell-and-deliver-heroin conviction as a career-offender predicate, the drug weight calculation, and the alleged multiplicity of Smith's firearm charges; and (4) he received

ineffective assistance of appellate counsel because appellate counsel failed to raise these same issues and instead filed an Anders brief. See [D.E. 580] 5–9; [D.E. 581] 2–18[1]; [D.E. 592]; [D.E. 593]; [D.E. 631]. Although in his initial motion Smith styles most of his claims as ineffective assistance of counsel claims, in his reply Smith asserts them as substantive claims. See [D.E. 609] 5–6.

II.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11

[1] Smith also argues that the "cumulative impact" of the alleged errors requires resentencing. [D.E. 581] 18–20. This claim is not separate from the underlying alleged errors. Thus, the court does not address this argument separately.

F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

Smith's section 2255 motion is untimely. See 28 U.S.C. § 2255(f). Smith's conviction became final on February 4, 2019, and his deadline to file a section 2255 motion was February 4, 2020. See 28 U.S.C. § 2255(f); Clay v. United States, 537 U.S. 522, 527 (2003). As for Smith's Rehaif claim, the deadline for a section 2255 motion based on Rehaif was June 21, 2020. See Clay, 537 U.S. at 527; United States v. Shannon, No. CR 0:17-00609-CMC, 2021 WL 2142337, at *5 (D.S.C. May 26, 2021) (unpublished). Smith did not file his section 2255 motion until August 4, 2020. Indeed, Smith recognized that his motion was untimely, and he moved for equitable tolling when he filed his section 2255 motion. See [D.E. 582]. Smith's circumstances do not warrant equitable tolling. See Menominee Indian Tribe of Wis. v. United States, 577 U.S. 250, 255–57 (2016); Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990); Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 151–52 (1984); Rouse v. Lee, 339 F.3d 238, 246–57 (4th Cir. 2003) (en banc); Blue v. United States, No. 7:11-CR-135-D, 2019 WL 361130, at *2–3 (E.D.N.C. Jan. 29, 2019) (unpublished); Thomas v. Graham, Civil Action No. TDC-14-3163, 2015 WL 4548532, at *3 (D. Md. July 27, 2015) (unpublished); Gleaton v. Bush, No. 4:14-890-TMC, 2014 WL 5527826, at *7 (D.S.C. Oct. 31, 2014) (unpublished); Studevant v. Clarke, No. 1:11-CV-1242 (GBL/JFA), 2012 WL 1901288, at *4 (E.D. Va. May 24, 2012) (unpublished); Allen v. Johnson, 602 F. Supp. 2d 724, 728–29 (E.D. Va. 2009). Thus, the court dismisses Smith's section 2255 motion as untimely.

Alternatively, other than Smith's ineffective assistance of counsel claims, Smith procedurally defaulted the claims by failing to raise them on direct appeal. Cf. Smith, 738 F. App'x at 787–88. Thus, the general rule of procedural default bars Smith from presenting these claims under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523

U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, Smith has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged errors about which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); Sanders, 247 F.3d at 144; United States v. Mikalajunas, 186 F.3d 490, 492–95 (4th Cir. 1999). Accordingly, the claims fail.

Although Smith couches his drug weight and career-offender arguments as ineffective assistance of counsel claims, Smith alleges, at bottom, that the court erred in calculating Smith's advisory guideline range by making mistaken findings about the drug weight and Smith's career-offender status. See [D.E. 581] 2–6. Smith, however, cannot use section 2255 to attack his advisory guideline range retroactively. See, e.g., United States v. Foote, 784 F.3d 931, 935–36 (4th Cir. 2015); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999) ("Barring extraordinary circumstances . . . an error in the application of the Sentencing Guidelines cannot be raised in a [section] 2255 proceeding."). Thus, the claims fail.

Alternatively, Smith's selective prosecution claim is untimely, procedurally defaulted, and meritless. Smith does not allege any facts in support of his selective prosecution claim other than his own prosecution and hypothetical statistics. See [D.E. 581-1]. To state a claim for selective prosecution, Smith must plausibly allege that the prosecution "had a discriminatory effect and that it was motivated by a discriminatory purpose." Wayte v. United States, 470 U.S. 598, 608 (1985); Bruce & Tanya & Assocs., Inc. v. Bd. of Supervisors of Fairfax Cnty, 854 F. App'x 521, 532 (4th Cir. 2021) (unpublished); Cent. Radio Co. v. City of Norfolk, 811 F.3d 625, 634–35 (4th Cir. 2016). Smith has not plausibly alleged selective prosecution. See Iqbal, 556 U.S. at 678.

Smith alleges that he received ineffective assistance of trial and appellate counsel. The "Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including trial, sentencing, and appeal. See, e.g., Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012). To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Smith must show that his attorneys' performances fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

Smith claims that his guilty plea was not knowing and voluntary and that trial counsel's performance was ineffective because counsel did not explain the elements of his charge under 18 U.S.C. § 922(g). See Rehaif, 139 S. Ct. at 2200. Smith contends that his guilty plea was not voluntary because defense counsel "browbeat" him into pleading guilty by warning him of the possibility of a life sentence. See [D.E. 580] 9; [D.E. 581].

When a defendant pleads guilty and later attacks his guilty plea, "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see Lee v. United States, 137 S. Ct. 1958, 1967 (2017). "Surmounting Strickland's high bar is never an easy task, and the strong societal interest in finality has special force with respect to convictions based on guilty pleas." Lee, 137 S. Ct. at 1967 (citations and quotation omitted).

Smith's sworn statements at his Rule 11 proceeding bind him. See, e.g., Blackledge, 431 U.S. at 74; United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010); United States v. Lemaster, 403 F.3d 216, 221–23 (4th Cir. 2005). At Smith's Rule 11 hearing, the court specifically confirmed that Smith was fully and completely satisfied with his lawyer's legal services, that no one had threatened Smith or forced Smith to plead guilty, that Smith understood each charge in the indictment, that he understood the possible penalties, and that Smith understood the court had the discretion to sentence him to the maximum sentence on each count. See Rule 11 Tr. at 12–23; cf. Fed. R. Crim. P. 11(b)(2). Moreover, Smith's counsel's advice about the possibility of a life sentence was correct, not deficient. If Smith had not received credit for acceptance of responsibility, his advisory guideline range would have been 360 months to life imprisonment, and the court could have stacked Smith's sentences to impose a de facto life sentence.

As for Smith's argument that counsel and the court failed to advise him of the knowledge requirement for his 18 U.S.C. § 922(g) felon in possession of a firearm charge, Smith knew he was a convicted felon when he possessed the firearm. See Greer v. United States, 141 S. Ct. 2090, 2096–2100 (2021); Edwards v. Vannoy, 141 S. Ct. 1547, 1554–62 (2021); cf. PSR ¶¶ 60–62 (including a 2011 state felony conviction for possession of a firearm by a felon). Accordingly, Smith

has not plausibly alleged "that, but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; see Lee, 137 S. Ct. at 1967–69; Hill, 474 U.S. at 59; Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992). Thus, to the extent Smith seeks to invalidate his guilty plea, Smith has not plausibly alleged prejudice from trial counsel's performance.

As for counsel's failure to object to the court using Smith's 2014 North Carolina felony sell-and-deliver-heroin conviction as a predicate offense under the career-offender guideline, Smith cannot use section 2255 to recharacterize and relitigate claims he lost on direct appeal. See Bousley, 523 U.S. at 622–23; Frady, 456 U.S. at 164–65; Smith, 738 F. App'x at 787 ("The district court also correctly determined that Smith had a prior conviction for a felony drug offense . . . ."); United States v. Dyess, 730 F.3d 354, 360 (4th Cir. 2013); United States v. Roane, 378 F.3d 382, 396 n.7 (4th Cir. 2004); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (per curiam). Thus, the claim fails.

Alternatively, Smith's claims about his 2014 North Carolina felony sell-and-deliver-heroin conviction, the drug weight calculation, and multiplicity lack merit. As for the career-offender designation, Smith focuses on the drug-conspiracy conviction listed in the same paragraph of his PSR as the 2014 North Carolina felony sell-and-deliver-heroin conviction to argue that a drug-conspiracy conviction cannot be a predicate for career-offender status. See [D.E. 581] 3–4; [D.E. 593]; [D.E. 608]; [D.E. 631]; PSR ¶ 61. But the court did not rely on the conspiracy conviction. Rather, the court relied on Smith's 2014 North Carolina felony sell-and-deliver-heroin conviction, which is a controlled substance offense, and therefore an appropriate predicate offense for career-offender status. See PSR ¶ 61; U.S.S.G. § 4B1.2(b) ("The term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that

prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense."); Smith, 738 F. App'x at 787 ("The district court also correctly determined that Smith had a prior conviction for a felony drug offense . . . ."). As for the drug weight objection, the drug weight was based on reliable information in the PSR and did not affect Smith's offense level because the court determined Smith's base offense level under U.S.S.G. § 2K2.1(a)(1). See PSR ¶ 89. As for the firearm counts, any objection based on multiplicity would have failed. See United States v. Moye, 454 F.3d 390, 397 (4th Cir. 2006) (en banc) ("[T]here is no question in this case that Congress has fixed separate punishments for both § 922(g) and § 922(j)."). The Sixth Amendment does not require a lawyer to make all nonfrivolous objections, much less baseless objections. See Knowles v. Mirzayance, 556 U.S. 111, 124–26 (2009). On this record, Smith has not plausibly alleged deficient performance. See id.; Strickland, 446 U.S. at 689–700.

Alternatively, Smith has not plausibly alleged prejudice. Because Smith's proposed objections were meritless and he could not succeed on a Rehaif claim under Greer, Smith cannot show that counsel could have done something differently to obtain a different sentence. Moreover, in imposing the sentence, the court noted that even if it miscalculated the advisory guideline range, it would impose the same sentence as an alternative variant sentence. See Sent. Tr. at 32. This court's alternative variant sentence defeats Smith's claims that counsel's performance at sentencing prejudiced Smith. See Molina-Martinez v. United States, 578 U.S. 189, 197–201 (2016); United States v. Feldman, 793 F. App'x 170, 173–74 (4th Cir. 2019) (per curiam) (unpublished); United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 160–65 (4th Cir. 2012); cf. United States v. Thorpe, 816 F. App'x 811, 814 (4th Cir. 2020)

(per curiam) (unpublished). And on direct appeal, the Fourth Circuit upheld the sentence as substantively reasonable. See Smith, 738 F. App'x at 788. Thus, Smith has not plausibly alleged prejudice. See, e.g., Sears v. Upton, 561 U.S. 945, 956 (2010) (per curiam); Strickland, 466 U.S. at 689–700.

Smith alleges that appellate counsel was deficient for filing an Anders brief. See [D.E. 581] 14–18. As discussed, Smith's proposed arguments about his trial counsel are meritless, and trial counsel was not deficient for failing to make baseless arguments. Likewise, appellate counsel was not deficient for failing to raise those same meritless arguments on appeal. See Smith v. Robbins, 528 U.S. 259, 284–89 (2000); cf. Knowles, 556 U.S. at 124–26. Thus, Smith has not plausibly alleged deficient performance of appellate counsel.

Alternatively, Smith has not plausibly alleged prejudice concerning appellate counsel's performance. Even if appellate counsel had raised these arguments on appeal, Smith has not demonstrated that these arguments would have changed the outcome of his appeal. Thus, Smith has not plausibly alleged prejudice. See, e.g., Sears, 561 U.S. at 956; Strickland, 466 U.S. at 689–700; United States v. Rangel, 781 F.3d 736, 745–46 (4th Cir. 2015).

After reviewing the claims presented in Smith's motion, the court finds that reasonable jurists would not find the court's treatment of Smith's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

III.

In sum, the court GRANTS respondent's motion to dismiss [D.E. 604], DENIES petitioner's

motion for equitable tolling [D.E. 582], DISMISSES petitioner's section 2255 motions [D.E. 580, 581], and DENIES a certificate of appealability.

SO ORDERED. This 13 day of April, 2022.

JAMES C. DEVER III
United States District Judge